UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

ALEXANDRU IACOBI,

                Plaintiff,

       -against-

JAMES MURRAY,

                Defendant.

------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-2245 (RPK) (LB)

**NINA R. MORRISON**, United States District Judge:

    *Pro se* plaintiff Alexandru Iacobi brings this 42 U.S.C. § 1983 action against New York City Assistant Corporation Counsel James Murray. He alleges numerous constitutional violations. *See* Compl. (Dkt. #1). Plaintiff's request to proceed *in forma pauperis* is granted. But his complaint is dismissed because he seeks monetary relief from an immune defendant and fails to otherwise state a claim for relief.

### BACKGROUND

    Plaintiff previously filed a lawsuit against several officers of the New York City Police Department ("NYPD"). *See Iacobi v. Faison et al.*. 19-CV-3245 (RPK) (ST). Murray, who works for the New York City Law Department, represented the defendants in that case.

    In this case, Plaintiff alleges that in connection with the earlier lawsuit, Murray violated Plaintiff's constitutional rights "by using his training as a liar to manipulate the plaintiffs in the Court's process to avoid getting the fact[s] . . . in front of a jury." Comp. at 5.[*] Plaintiff further alleges Murray was "a criminal bridge between the NYPD's criminal[] employees" and "the

---

[*] Page references are to ECF pagination unless otherwise noted.

Court[']s Government employees." *Ibid.* He seeks " money damages and an Order of Protection for 10 years against the [NYPD]." *Id.* at 5-6.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see* Fed. R. Civ. P. 8(a).  To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted).  Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

Plaintiff's claims for money damages must be dismissed because Plaintiff seeks damages from "a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii).  A government attorney is absolutely immune from damages under Section 1983 when the attorney is "functioning

as an advocate of the state in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006). Plaintiff's claims are entirely based on Murray's activities as an Assistant Corporation Counsel representing various state-affiliated defendants in *Iacobi v. Faison et al.*. 19-CV-3245. Accordingly, Murray is absolutely immune from Plaintiff's suit for monetary damages under Section 1983. *See, e.g., Nachmenson v. Gluck*, No. 22-CV-627, 2022 WL 1093220, at *3 (E.D.N.Y. Apr. 12, 2022) (barring plaintiff's Section 1983 claim for damages under absolute immunity because his claim arose "from [Defendant's] litigation activities while representing the City of New York in Plaintiff's State Court civil action").

Insofar as Plaintiff requests injunctive relief—"an Order of Protection for 10 years against the NYPD," Compl. at 5-6—Plaintiff's claim is also dismissed. As a general matter, a court may not award injunctive relief against an entity that is not a party to the lawsuit before it. *See* Fed. R. Civ. P. 65(d); *Sumpter v. Skiff*, 260 F. App'x 350, 351 (2d Cir. 2008). The NYPD is not a party to this lawsuit. And Plaintiff does not allege facts indicating that this lawsuit falls within the narrow exceptions to this general principle in Federal Rule of Civil Procedure 65(d).

Further, even if Plaintiff had named the NYPD as a defendant, Plaintiff's claim for injunctive relief would be subject to dismissal because Plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has not satisfied that standard because with respect to the NYPD, he alleges only that the NYPD is "doing [things] on the streets of New York to avoid responsibility for crimes they are committing with civilians," an allegation which is too

vague to support a reasonable inference that the NYPD is liable for alleged misconduct. Compl. at 5.

"The Court has considered affording Plaintiff a chance to amend the complaint . . . but declines to do so because it views the opportunity as futile since a review of the Complaint does not suggest that Plaintiff has inadequately or inartfully pleaded any potentially viable claims" against James Murray. *Nachmenson*, 2022 WL 1093220, at *4 (citing *Cuoco*, 222 F.3d at 112); *see* (*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [Plaintiff's] causes of action is substantive; better pleading will not cure it."). Accordingly, the complaint is dismissed.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

                                             /s/ NRM
                                            NINA R. MORRISON
                                            United States District Judge

Dated:       August 29, 2023
              Brooklyn, New York